Good morning, counsel. Good morning, your honor. May it please the court. I'm Daniel Kaplan. I represent the appellant, James Davis Bennett. Your honors, this is a highly unusual case. This is a case in which one-third of the 12 counts with which the government charged Mr. Bennett were thrown out as unsupported either by the district court or by this court in the initial appeal. And following the remand from that initial appeal, this is a case in which there was a long-running dispute about whether the indictment on the record, the second superseding indictment, or a different indictment titled trial indictment, was actually submitted to the jury at the end of the trial and in which the government steadfastly maintained that it was the second superseding indictment. All of that opened up on remand. Your honor, it was opened up on remand because a couple of reasons. First of all, this court's case law unbundled. But it was a sentencing package. You didn't appeal the remaining counts, right, to this court? That's correct. Okay. So you've forfeited your right to appeal the remaining counts. So effectively, we had no reason to affirm those because you never brought them to us. So why do you get to reopen them on remand when we said, look, we're going to vacate a couple of these counts. Let's go back and get this thing resentenced. Why does that open up everything else that you have failed to appeal? That, you'd be absolutely right if what was being done after the remand was an attempt to literally reopen those counts of conviction. But in fact, what was being done was the argument was being made, and the argument is being made in this appeal, that that question about the trial indictment should have been resolved as a matter relevant to sentencing on the remaining counts. Whoa, whoa, whoa, whoa. That's a collateral attack on the remaining counts, right? No, Your Honor. This is a second bite at the apple. Why is that relevant to the question of what happens when we vacate some things and leave everything else in place? Well, it's relevant to the question of when the judge is asked to resentence this defendant after the remand. Is there any, of course, the general law and the law of sentencing is that he has the discretion to consider any matter potentially relevant to sentencing and deciding what's the appropriate sentence. If you had, what relief were you asking from the district court on the trial indictment issue? What I'm asking currently? What were you asking the district court for when you went back and raised the trial indictment question? I realize there's been a number of counsel, and when I say you, I mean sort of you generically. When you went back and said, Your Honor, I want to look at this trial indictment. I don't think this was fair because I think the wrong thing went to the jury. What were you asking the judge to do? Well, one thing that was requested was that there be a dismissal of those counts. You're asking for a dismissal of counts that you didn't appeal on. But, Your Honor, that's correct. But it is also the case that when it came to the matter of what became the sentencing hearing on September 26, it was And the AUSA, Mr. Cole, actually acknowledged several times that he understood that that was being proffered as a factor to be considered in respect to the resentencing. And the question is, has any authority been identified that would have prohibited the district court from considering that issue had it been resolved as relevant to sentencing? The district courts have said, Well, as a matter of resentencing, I think maybe we need to retry them on those if the jury was given the wrong trial indictment. Wouldn't you declare then that there had been some kind of a mistrial or something that would require retrial on those points? Well, ideally, yes. And I understand that because of the issue you're raising, which I acknowledge, the court may have believed that it was not at liberty to literally vacate those sentences or take that kind of action, those convictions. I'm sorry, those convictions. However, those and that issue can still be, of course, raised in a 2255 motion. And that's a question for another day. But right now, the question is, could the court nevertheless have said, I think it's relevant. I believe I should be able to take into account this issue of how the indictment was manipulated at the initial trial, even though those convictions are technically still in place. I think it should be seen as affecting his culpability and relevant to the resentencing. No authority has ever been identified in this appeal or below that would have barred the court from doing that. And in fact, AUSA Cole, on the record, said he understood that was what was being asked for. If you had come back to the district court and said, I want to make a factual innocence claim here because it's relevant to sentencing, presumably, the same principle applied, right? You just get another shot at the district court and say, well, I'd like to proffer a factual innocence defense right now, Your Honor, and present some new facts that haven't been here because there's no reason to sentence him on those prior claims. It's clearly relevant to sentencing because he shouldn't be sentenced at all. He's factually innocent. Well, I think there's a distinction there, Your Honor. And I don't know of authority that would prohibit a court from considering that in terms of sentencing. Perhaps that would be inappropriate. But I think there's a little bit of a difference here because here, Mr. Bennett was, among other things, he was asking the court to take into account the question of whether those convictions were procured in a way that inflated his apparent level of culpability. What you're really saying is that every sentencing hearing should be turned into a new trial because if a court can, then a court must. So what you're saying is that every sentencing hearing becomes a new trial. He comes back and he says, oh, well, you know, I really shouldn't have been found guilty, or the indictment was insufficient, or the wrong thing went to the jury, or the instructions were wrong. And so you get a whole new trial of sentencing. Is that your concept? I don't agree with that, Your Honor. I think that the court has the discretion whether it's going to consider these factors or not. It's simply a question of discretion. You're here on appeals saying the court, you know, the court really had to consider this and take this into account. That's really what you're telling us on appeal. And the court, ergo, should have the sentence vacated because it didn't do so. Well, again, Your Honor, the question is when do you get to the point where that discretion is actually abused? And this is, again, an unusual case. I certainly don't think it would be a run-of-the-mill case where the government is very steadfastly and firmly saying this document that the other party says is crucial, that affects the fairness of this trial, that affects what he should be sentenced to. Why wasn't that raised in the initial appeal to this court? It never existed. Why wasn't it raised in the initial appeal? Yeah, why wasn't it raised in the initial appeal to this court? Well, Your Honor, the question of the government maintained that I don't know that this particular argument was made in the initial appeal. It was not made in the initial appeal. I do know that. But this issue of what makes this case unusual was the turnaround, the 180-degree turnaround. The government said all along this trial indictment doesn't exist. Essentially, Mr. Bennett is imagining this trial indictment. It wasn't until after the remand from the first trial that the government, midway through that whole process of remand and resentencing But that doesn't change the fact that this issue was not raised in the first appeal. No, it doesn't. And, again, if this were not something that was being proffered as relevant to the appropriate sentence on the remand, on the resentencing, that would potentially be an issue that would bar that from being raised at this point. If we thought that it should have been raised in the first appeal, does that raise a question of ineffective assistance of counsel on appeal? Potentially, Your Honor, but the fact is this is an issue And that would be better raised in a 2255 It certainly could be raised. But the fact is this issue was being proffered in a way that could not have been raised in the first appeal because it only had to do with the appropriate sentence on the remand. I would like to reserve the balance of my time. All right. Thank you, counsel. We'll hear from the government. Good morning, Your Honors. May it please the Court, Brett Segal on behalf of the United States. Let me start by saying this wasn't an unusual case at any point. The government took the same position from all times. The one quote that Ellen has been focusing on, which was my quote at one point, Unfortunately, I didn't finish what I should have said as a sentence. But if you look at the record from 2006 all the way until now, the defendant's claim has always been the same. The government and the court, Judge Stotler, by fraud, put this 25-count indictment in front of the jury. It wasn't the case. We were never denying that there wasn't something used for jury deliberations. It just wasn't the 25-count fraud. Well, what about the names? I think his problem is with the names that were used. One said trial complaint, and the other one was superseding. Yes, Your Honor. And that's what's kind of become now. What we were always responding to was he wasn't really referring to it by name. He was saying that 25 counts were put before a jury when he was only charged with 12 or about .11 because we had dismissed one previously. At the hearing in which they're focusing on now, I just said the thing. There never existed a trial indictment. What I meant to say or what I should have said to be more clear was there never existed a 25-count indictment as Mr. Bennett claims. If you look, they still don't say it now on appeal. They've never provided any evidence. All of their arguments are based on just a made-up idea in Mr. Bennett's head. Counsel, why should we even consider any of this? Why shouldn't we put this off to a 2255 proceeding if they choose to bring one? I would agree wholeheartedly. None of this is relevant. None of this should have been relevant at the district court level. The arguments right now that this was all just for sentencing is a fiction as of right now. You'll even see their fourth issue right here is that the district court didn't rule on Mr. Bennett's motions to dismiss. He didn't rule on count five through seven. What Mr. Bennett was doing the entire time before the district court was trying to get counts dismissed that he didn't raise on the first appeal. So the district court did not address any of those issues, including the misnomer on the indictment? Unfortunately, I think the district court did consider them at length, as we had, as you can see. Right. So if the district court considered them, is it your position, then, that we should ignore the fact that the district court considered them or hold that the district court erred in considering them? The district court did consider them. At the end, I think it's by the record, the district court clearly made known that it didn't have jurisdiction to rule on him because the defendant didn't raise it on his first appeal. The, I guess if you want to use the word unusual circumstances of this case, was Judge Stadler lived with this case for six, seven years. So she knew all of the histories of the defendant, the history of the case, and all the procedural issues that arose. Judge Guilford took this over about a year, year and a half ago when it was transferred. I think, out of abundance of caution and to be quite diligent, Judge Guilford looked into all these issues because he didn't know what these claims were. He didn't have Mr. Bennett raising this every month in another pro se filing as Mr. Bennett had for seven years before. Judge Guilford was looking at it kind of from a fresh set of eyes. He looked at all these issues more than the government was asking him to. The government was trying to say from the get-go, this is outside the scope of the mandate. This has been waived. You shouldn't even consider it. The court did look at it, and at every hearing we had on this, Judge Guilford would say, you need to explain to me why I have jurisdiction. Why wasn't this raised on the first appeal? And that was an issue that could never be answered by anybody, basically, or why he did have jurisdiction. So Judge Guilford, in the end, did not rule on those other than to say they were outside of the mandate. He didn't have jurisdiction, and he didn't rule on those as a motion to dismiss. Or he did rule on them, in our opinion, by saying he didn't have jurisdiction to rule on them as a motion to dismiss. As it relates to sentencing unpackaging or unbundling of a sentencing package, if you look at the sentencing hearing, the government did say the defendant can use this as a sentencing issue. The defendant argued for what is basically 10 to 15 pages of the transcript for every one of these things, that his sentence should be lower based on all the fraud of the government, all the fraud of the court, all the fraud of the probation office, all the allegations that the defendant made. He was able to argue it. Never once did the district court say, I won't consider it. Never once did the district court say, you can't argue those things. And never once did the government say, those should not be considered. The defendant was able to raise all of those for sentencing purposes. And the court, at the end of the hearing, said, I've reviewed this case carefully. I've reviewed all of the arguments. I've looked at this independently, as well as the tentative rulings that Judge Stotler initially proposed. And then, after doing a guideline and a 3553 analysis, gave a sentencing conclusion. The defendant wasn't prevented from raising any of these as it relates to sentencing, which is exactly what they're now trying to say was the purpose of this, which is, our contention is, now what they're saying. Clearly, in the district court, every single motion that Mr. Bennett was filing was to dismiss all of the accounts for his alleged fraud. With regards to the other issues, if Your Honors want me to cover it, Justice Bybee pointed out whether or not the non-raising of it on the first appeal could be an IAC claim. I think what that speaks to and what the record speaks to with regards to what his last counsel and the counsel before him in the district court, what you see on the record is every single lawyer who was assigned to Mr. Bennett looked at Mr. Bennett's issues, and they all found him frivolous. They all found him without any basis in law, any basis in fact, and they all basically said they wouldn't advocate for it. Even here on this appeal, you'll notice there are complaints about what the government did or didn't do and what the court did or didn't do. But there still is not a single lawyer who's represented Mr. Bennett who stood behind his claims. We're not even doing it right now. Counsel, could you address the Rule 32 issue? Yeah, the I-1A or the? The failure to allow the defendant to review the addendum to the PSR? Yes. Basically, I guess our ‑‑ we'll start by saying in hindsight, we should have just stopped the proceeding and say, read the page and a half that it is. When you look at the record, and I know it by heart now, page 532 of the excerpts of record, Mr. Bennett himself speaks to his disciplinary record. The judge, Judge Guilford, even said, I'm not even going to consider the negative aspects of that. Now, in hindsight, again, we should have had him read it. But this was another one of the many instances where the defendant himself was trying to stymie the process. When the sentencing is about to take place, he raises a new issue of why he shouldn't be sentenced. And this was just his latest. Well, the difficulty is if the district court judge asks the defendant, have you had an opportunity to review the addendum, and the defendant says no, that's a violation if the defendant isn't given the opportunity to review it. So what do we do with that? Well, and I think this Court's precedence of basically a harmlessness standard should apply in this case. And to date, in the opening brief, the reply brief, and at no other stage, have they ever said a single fact in that addendum, that page-and-a-half addendum, where either the facts are untrue or that they would want to contest them or would want to challenge them or say that they're just wrong. And to this point, they have never done it. And while there was error, assuming Mr. Bennett actually had not read it. Well, we have to take that as truth because that's what the record reflects. That's what Mr. Bennett said on the record, correct. So assuming that's true, and there is a potential error, what's the harm? And there has never been a single mention of what it is, especially in light of Judge Guilford's specific ruling on the record. I will say that I will not consider any of the negative information from that. And the reason that addendum was prepared was because counsel asked for potential new information since the first PSR under United States v. Pepper, and what that addendum basically said is he took classes while he's in jail, and then the second part of it was he's also been a disciplinary problem while he's in jail and he's not following orders and so forth. And Judge Guilford said, I won't consider any of the negative information in that in light of it. And so here we stand right now. There's no harm in the failure to review that page-and-a-half addendum. The government will basically stand on our positions in our brief. It hasn't been mentioned here, but what I would point out in response to the ineffective assistance claim, the question about the appellate lawyer, the same would apply to their claims now, is it would best be reviewed on a 2255 or a habeas petition later, not here where the record's not developed. All right. Thank you, counsel. Rebuttal. Your Honors, I reject the suggestion that I'm not standing behind, so to speak, Mr. Bennett's claims. The claim that we're raising goes directly to the issues that he's raised below. I'm simply saying when you don't have a record, you need to ask the court to make the record it should have made. And what we have here in the government's argument is a government attorney who is effectively testifying to you. And, of course, there's not supposed to be testimony, but he's giving you factual testimony about what he said and what he meant. That has to be done at the district court. That can't be done at the podium in the Ninth Circuit Court of Appeals. And that just proves to you why there should be an evidentiary hearing, as we have suggested in this appeal. Now, as to the issue of Rule 32I1A, the government, I don't understand the suggestion that it somehow is an attempt to, quote, unquote, stymie the process when a defendant cites a rule and a right that he clearly has under that rule to be able to read the PSR and the addendum to the PSR before he's been sentenced. How that somehow is inappropriate, I don't understand. In fact, he was alerting the court to an error he was about to make and giving the court an opportunity to fix and avoid that error, and the court refused to accept that invitation. Now, the government, in responding to the substance of that question about the addendum, focuses completely on this issue of the discipline. Well, the discipline is one thing in the addendum, but something else in the addendum is the education, the positive things. And the government, if you look through the record, they did refer to the addendum in a couple of filings leading up to the sentencing. But, of course, they only focused on the negative things. If Mr. Bennett had been given a proper opportunity to read that addendum, he would have potentially been able to make more positive hay out of what was good in that addendum. And that, if there is prejudice required, that was the prejudice. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Fernandez, Rawlinson, Bybee